IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM P. TROLINGER      :

   Plaintiff,               :

   v.                        :     CIVIL ACTION NO. WMN-06-1551

WILLIAM HENRY, Chief      :
United States Probation Officer, et al.
                               :

   Defendants.       :

## MEMORANDUM

Pending is a Motion for Reconsideration of the decision granting Defendants' Motion to Dismiss in the above captioned civil rights action. In his complaint, Trolinger, a convicted felon, challenged the constitutionality of 42 U.S.C. §14135a[1] which requires him to provide a DNA[2] sample. Counsel for Defendants William Henry, Chief United States Probation Officer and David Wonneman, United States Probation and Pretrial Services Officer, has filed a motion in opposition to reconsideration to which Trolinger has replied. Upon review of the Motion for Reconsideration, the Court will lift the one strike assigned to Trolinger pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), but otherwise deny reconsideration.

The PLRA prohibits prisoners from proceeding in forma pauperis in a civil action or in an appeal of a judgment in a civil action if, while incarcerated, the prisoner has had three prior actions

---

[1] The DNA Analysis Backlog Elimination Act of 2000 ("DNA Act"), codified at 42 U.S.C. § 14135a, requires a convicted felon on supervised release who "is, or has been, convicted of a qualifying federal offense" to provide a blood sample for inclusion into a database maintained by the Federal Bureau of Investigation ("FBI"). The sample is sent for laboratory analysis and entered into the Combined DNA Index System ("CODIS"). See 42 U.S.C. §§ 14135a(c)(2), 14132(a); 14135a(b).

[2] Deoxyribonucleic acid.

or appeals dismissed for being frivolous.  See 28 U.S.C. §1915(g).  The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  Id. § 1915(h).  Trolinger filed his complaint while on supervised release.  As such, he was not a "prisoner" for the purpose of the three strikes provision.  See Kerr v. Puckett, et al., 138 F. 3d 321 (7th Cir. 1998) (ruling a convict out on parole is not a "person incarcerated or detained in any facility...."),  Id. at 323.

In regard to Trolinger's claim that collecting a sample of his DNA is a violation of his Fifth Amendment rights, Trolinger  provides no legal authority to support his contentions.  A  DNA sample is not "akin to a right in property."  Johnson v. Quander, 370 F. Supp. 2d  79, 102 (D. D.C. 2005).  Instead, "the interest here is a privacy interest in identification information."  Id.  A DNA sample "establishes only a record of the defendant's identity-otherwise personal information in which the qualified offender can claim no right of privacy once lawfully convicted of a qualifying offense."  Id.  (citing United States v. Kincade, 379 F. 3d 813, 837 (9th Cir. 2004).  Trolinger provides no basis for the Court to conclude that the DNA Act violates his Fifth Amendment rights to due process or just compensation.   The Court will enter a separate Order consistent with this Memorandum, lifting the PLRA strike assigned to Trolinger, but otherwise denying the motion for reconsideration.

/s/

January 31, 2007                          _____
Date                                              William M. Nickerson
                                                      United States District Judge